ORDERED.

Dated: March 29, 2021

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Kayla Marie Caviness Loper, | ) | Case No. 6:19-bk-03347-KSJ |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| | ) | |
| Kayla Marie Caviness Loper, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 6:19-ap-361-KSJ |
| | ) | |
| National Collegiate Student Loan Trust 2006-2, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Debtor, Kayla Loper, borrowed $12,250 under a student loan program funded by JP Morgan Chase Bank N.A. and guaranteed by a non-profit institution, The Education Resources, Institution, Inc. ("TERI"). Debtor seeks a ruling the loan is

discharged arguing, under § 523(a)(8)(B) of the Bankruptcy Code,[1] it does not qualify as a "education loan." Defendant, the National Collegiate Student Loan Trust 2006-2 ("NCSLT"),[2] disagrees and seeks summary judgment[3] arguing that, because TERI, a non-profit institution, guaranteed repayment, the loan is a qualified "education loan" under *another* sub-section—§523(a)(8)(A)(i). I agree the loan is a qualified, nondischargeable education loan.[4]

NCSLT seeks summary judgment under Federal Rule of Civil Procedure 56.[5] Rule 56(a) provides "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] The moving party must establish the right to summary judgment.[7] A "material" fact is one that "might affect the outcome of the suit under the governing law."[8] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[10] In determining entitlement to summary judgment, "facts

---

[1] All references to the Bankruptcy Code shall be to 11 U.S.C.§ 101 *et seq.*
[2] On or about June 8, 2006, JPMorgan sold the loan and the corresponding rights under the guaranty agreement with TERI to National Collegiate Funding LLC. Thereafter on or about June 8, 2006, National Collegiate Funding LLC sold the loan and the corresponding rights to National Collegiate Student Loan Trust 2006-2. NCSLT is the current holder of the loan. Affidavit of Bradley Luke, Doc. Doc No. 13-1 at ¶¶ 32-34.
[3] Doc. No. 13. Debtor filed a Response. Doc. No. 14. Defendant filed a Reply. Doc. No. 15.
[4] A hearing was held on NCSLT's Motion for Summary Judgment on January 21, 2021. At that time, the Court allowed Ms. Loper and Darnell Loper, her father and a co-signor on the loan, to testify. In this ruling, I considered both this testimony and the undisputed facts asserted in the Motion for Summary Judgment.
[5] Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.
[6] Fed. R. Civ. P. 56(a).
[7] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) .
[9] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.
[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348 (1986).

must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[11] No material facts are disputed in this adversary proceeding.

In 2006 to 2007, Debtor was attending the University of South Florida. She borrowed $12,250 from JP Morgan Chase Bank N.A. signing a Non-Negotiable Credit Agreement under the Education One © Education One Undergraduate Loan Program.[12] Repayment of the loan was guaranteed by TERI, a non-profit institution.[13] Mr. Loper, the Debtor's father, co-signed the loan.

Debtor does not recall how she used the funds, but she then was attending college. The loan was given under Chase's student loan program with repayment guaranteed by a non-profit institution, TERI. And, in the note, the Debtor agreed:

> I acknowledge that the requested loan is subject to the limitation on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit institution.[14]

At trial, the Debtor testified the cost of attendance at USF was less than the $12,250 she borrowed. But she could not explain what she used the monies for *other* than her education.

---

[11] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[12] Exhibits A & B to Affidavit of Bradley Luke, Doc. No. 13-2 and 13-3.
[13] TERI is a private nonprofit institution organized under the laws of Massachusetts providing financial assistance to students enrolled in high education programs throughout the United States." *Rodriguez v. Educ. Res. Inst, Inc. (In re Rodriguez),* 319 B.R. 894 895 (Bankr. M.D. Fla. 2005).
[14] Exhibit B to Affidavit of Bradley Luke, Doc. No. 13-3 ¶ L12.

Typically, the dischargeability of a student loan under §523(a)(8) of the Bankruptcy Code turns on whether repayment causes an "undue hardship."[15] Absent showing undue hardship,[16] qualified educational loans are not dischargeable.[17] Debtor asserts no undue hardship that would prevent her from repaying the loan.

Instead, Debtor argues the loan is only a general unsecured claim, *not* a qualified educational loan included within the discharge limitations of §523(a)(8)(B).[18] NCSLT argues the Debtor is looking at the wrong subsection. NCSLT highlights the alternative subsection, §523(a)(8)(A)(i), to establish the loan is a qualified education loan. This provision simply states "an education…loan made under any program funded in whole or in part by a … nonprofit institution" is nondischargeable. And, because TERI is a non-profit institution who guaranteed the repayment of the loan, the loan qualifies as an education loan under §523(a)(8)(A)(i) of the Bankruptcy Code.

Courts consistently have found student loans guaranteed by nonprofit institutions like TERI meet the "funded in whole or in part" requirement in §523(a)(8)(A)(i).[19] And the exact TERI guaranty at issue met the requisite funding "in

---

[15] 11 U.S.C. § 523 (2017).
[16] The Eleventh Circuit has adopted the three-part *Brunner* test to determine whether a debtor has the undue hardship to discharge student loan debt. *Cox*, 338 F.3d at 1241; A debtor will not receive a discharge if he or she cannot prove all three elements of the *Brunner* test. *Russotto v. Educ. Credit Mgmt. Corp. (In re Russotto)*, 370 B.R. 853, 856 (Bankr. S.D. Fla. 2007); *Southard v. Educ. Credit Mgmt. Corp.* (*In re Southard*), 337 B.R. 416, 420 (Bankr. M.D. Fla. 2006).
[17] *See Salter v. Educ. Res. Inst. (In re Salter)*, 207 B.R. 272, 275 (Bankr. M.D. Fla. 1997).
[18] Section 523(a)(8)(B) provides that a "qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986" is not eligible for discharge, unless the debtor can prove an undue hardship in the repayment of the loan.
[19] *Educ. Res. Inst. Inc. v. Hammarstrom (In re Hammarstrom),* 95 B.R. 160, 165 (Bankr. N.D. Cal. 1989)*; Educ. Res. Inst. Inc. v. Taratuska (In re Taratuska),* 2008 U.S. Dist. LEXIS 93206, 9-11 (D. Mass. Aug. 25, 2008)*.*

whole or in part" contemplated by §523(a)(8)(A)(i) in a recent decision by the Bankruptcy Court in Massachusetts.[20]

At the hearing, Debtor offered no cogent reason why the Debtor's loan would not qualify as an education loan. Debtor signed the note agreeing it was an education loan and would be used for the costs of attending school. She acknowledged it was subject to the discharge limits in §523(a)(8) of the Bankruptcy Code.

Debtor has no undue hardship preventing her from repaying the loan. And she has no compelling argument why the loan is not a qualified education loan under §523(a)(8)(A)(i) of the Bankruptcy Code. NCSLT's Motion for Summary Judgment is granted. The Court will enter a separate Final Judgment for NCSLT and against the Debtor consistent with this Memorandum Opinion.

###

Geoffrey J. Peters, attorney for National Collegiate Student Loan Trust 2006-2, will serve a copy of this Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Memorandum Opinion.

---

[20] *Greer-Allen v. Nat'l Collegiate Student Loan Tr. 2005-1 (In re Greer-Allen)*, 602 B.R. 831 (Bankr. D. Mass. 2019).